## Sutton's Estate (No. 2).

*Contract—Payment for improvement—Executors and administrators.*

Where an executor under an agreement with the other parties interested in the estate surrenders to the estate a farm which had been sold to him by the testator, his father, and by the terms of the agreement the executor is to be paid the amount of the value of the improvements before the estate is distributed, the executor is entitled to payment for the improvements out of the general assets of the estate irrespective of whether the farm is sold or not.

Argued April 15, 1901. Appeal, No. 264, Jan. T., 1900, by Almira Sutton et al., from judgment of Superior Court, Jan. T., 1900, No. 53, affirming decree of O. C. Luzerne Co., No. 704, of 1875, in estate of Silas Sutton, deceased. Before McCOL-LUM, C. J., MITCHELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from Superior Court. See 13 Pa. Superior Ct. 492.

W. W. PORTER, J., after stating the facts as set forth in Sutton's Estate (No. 1), ante, p. 158, affirmed the decree of the orphans' court in an opinion which was in part as follows:

The appellant is the wife of Ira G. Sutton. She and her children take a one-fifth interest in the residue of the decedent's estate. Ira G. Sutton is the son of the decedent and is still living. He joined with Almira, his wife, in signing the agreement of October 9, 1878. She seems to be the only party to that agreement who now objects to the construction put upon it by the court below, save Annie E. Beisecker, who was not of age when she signed the agreement. It is urged in Almira Sutton's behalf that the court erred in allowing the accountant the value of the improvements put upon the farm by him and appraised under the provisions of the agreement of October 9, 1878. The objection is that by the terms of the agreement the value of the improvements was only to be collected from the premises upon which the improvements were put, and that the allowance was to be payable only when the premises, or the proceeds of their sale, were divided. The premises have not been sold or divided. They are still an asset of the estate of

Silas Sutton. The present account does not, therefore, bring in the proceeds of the sale of the premises, but does include some of the rentals. It is an account of the administration of the estate of Silas Sutton upon which a distribution can, and, under the order of the court, will be made. The claim of the accountant is based on the terms of the agreement of October 9, 1878. We are of the opinion that payment of the allowance for the improvements was not limited to the premises upon which the improvements had been placed, nor to the proceeds of the premises, if sold, but is a debt due by the estate and payable out of the fund for distribution. The language of the contract is that the aggregate amount of the value of the improvements "shall first be allowed and paid to Peter Sutton before distributing the estate of Silas Sutton or the proceeds arising from said lands among parties hereto under the will of said Silas Sutton." To say that the payment shall be made before distributing the estate is equivalent to saying that the estate is a fund out of which it may be made. It is true that the contract contains some phraseology upon which has been built by the ability of counsel an argument of some strength for a different interpretation. We have given the argument due consideration, and are convinced that the conclusion reached by the court below and by us does not succumb to the assault. The learned court below was right in allowing the claim of Peter Sutton for the appraised value of the improvements.

*Error assigned* was the judgment of the Superior Court.

*John E. Jenkins* and *Henry A. Fuller*, for appellants.

*G. K. Powell* and *S. J. Strauss*, for appellee.

OPINION BY Mr. JUSTICE POTTER, July 17, 1901:

We see no error in the construction adopted by the Superior Court, of the contract of October 9, 1878. The terms of the agreement fully justify the conclusion that the estate is a fund out of which payment for the improvements is to be made. Neither do we see any cause to question the allowance of the claim of Peter Sutton, for the appraised value of the improvements.

The only point in which we differ from the judgment of the Superior Court is in the refusal to allow interest upon the claim for the value of the improvements. But this question has been ruled in the opinion just filed in the appeal of Peter Sutton, at No. 246, January term, and need not be discussed here.

The assignments of error are overruled, and, with the modification noted, as to the allowance of interest upon the claim of Peter Sutton, the judgment is affirmed.